UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHNNY MARTINEZ, 02-B-1549,

                    Petitioner,

        -v-                                    08-CV-6464(MAT)
                                               **ORDER**
JAMES BERBARY, Superintendent,
Collins Correctional Facility,

                    Respondent.
_____

## I.   Introduction

*Pro se* petitioner Johnny Martinez ("petitioner") has filed a
timely petition for habeas corpus pursuant to 28 U.S.C. § 2254
challenging his conviction in Monroe County Supreme Court of
Criminal Possession of a Controlled Substance in the First Degree
(former N.Y. Penal L. § 220.21(1)) and Conspiracy in the Second
Degree (N.Y. Penal L. § 105.15) following a jury trial before
Justice David Egan. Petitioner was sentenced as a second felony
offender to a determinate term of imprisonment of twelve years for
the possession charge, concurrent to four and one-half to nine
years on the conspiracy charge.[1]

## II.  Factual Background and Procedural History

        On November 28, 2001, Rochester police officers executed a
search warrant at 47 Lime Street in Rochester, New York. Underneath

---

        [1] Petitioner was originally sentenced to a an indeterminate term of 15
years to life pursuant to the Rockefeller Drug Laws.  In 2004, the New York
legislature enacted the Drug Law Reform Act ("DLRA") which replaced the
indeterminate sentencing scheme of the Rockefeller Drug Laws with a
determinate system, under which petitioner was ultimately resentenced. See
DLRA, ch. 738, § 23, 2004 N.Y. Sess. Laws 1474-75 (McKinney); see, e.g.,
People v. Pauly, 21 A.D.3d 595  (3rd Dept. 2005).

a floorboard in the attic, police found a bag containing over thirteen ounces of a substance containing cocaine. Also recovered from the house was an electronic scale and $900 in cash. Trial Tr. 195-210, 246-248, 254-256, 269-277, 300-313.

Petitioner, his girlfriend Santrese Jones ("Jones"), their infant daughter, and Jones' teenage brother, Lamar occupied 47 Lime Street. During the search, police located a portable safe in the kitchen that contained personal documents bearing petitioner's name and listing his address as 47 Lime Street. Upon his arrest, petitioner told police that he lived at the Lime Street residence. Trial Tr. 199-200, 269-270, 277, 278-287, 594, 598-599, 608-609, 681.

Pedro Peguero ("Peguero") testified that sometime around July 1, 2001, he agreed to sell petitioner three kilograms of cocaine for $75,000. David Barrios Canal ("Canal") was instructed by Peguero to deliver the cocaine to petitioner and collect the money. On July 3, Canal's car was stopped by police, who recovered $80,000 from a hidden compartment in the car. According to Peguero, a portion of that money was petitioner's partial payment for the cocaine delivered to him by Canal. On July 16, 2001, Pegeuro was arrested and charged with distribution of cocaine. Trial Tr. 516-519, 569-570.

Based in part on the information obtained from Peguero, police began investigating petitioner and obtained a wiretap authorization

to monitor his phone calls made from a cellular phone. They also conducted periodic surveillance of petitioner. Trial Tr. 333-334, 336-338, 352, 506-507, 533, 550, 600, 648-649. That investigation ultimately culminated in the search of 47 Lime Street in November of 2001 pursuant to a search warrant.

Petitioner testified in his own behalf at trial, denying that he lived at the residence where the cocaine was seized by police. Jones and another individual, Shon Bradley, also testified for the defense.

Following the jury's guilty verdict, petitioner was sentenced as a second felony offender to concurrent terms of imprisonment, the longest of which being fifteen years to life. Trial Tr. 775, Sentencing Tr. 6. Petitioner was resentenced in 2005 on the possession charge to a determinate term of twelve years. Resentencing Tr. 8-13.

Petitioner appealed his conviction to the Appellate Division, Fourth Department, on the following grounds: (1) the trial court erred in denying petitioner's motion challenging the legality of the search warrant; (2) the trial court erred in admitting records for which no proper foundation was laid; (3) the trial court erred in permitting expert testimony regarding the recorded telephone conversations; (4) the jury's verdicts were against the weight of the evidence and not supported by legally sufficient evidence; and (5) cumulative trial errors deprived petitioner of a fair trial.

Respondent's Appendix ("Appx.") A. The Fourth Department unanimously affirmed the judgment of conviction. <u>People v. Martinez</u>, 39 A.D.3d 1246 (4th Dept. 2007), <u>lv. denied</u>, 9 N.Y.3d 878 (2007).

Petitioner now seeks a writ of habeas corpus, raising a number of grounds for relief, including ineffective assistance of trial counsel, Fourth Amendment violations, evidentiary errors, and legal insufficiency and weight of the evidence. <u>See</u> Petition ("Pet.") 2-3, 17; Petitioner's Memorandum ("Pet'r Mem.") 2-24.

For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

## III. Discussion

### A. General Principles Applicable to Federal Habeas Review

#### 1. Standard of Review

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. <u>See</u> 28 U.S.C. § 2254(d)(1), (2); <u>Williams v. Taylor</u>, 529 U.S. 362, 375-76 (2000).

## 2. Exhaustion Requirement and Procedural Bar

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984).

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263 n.9 (1989); other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Grey, 933 F.2d at 120. The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by

demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977).

### 3. The Adequate and Independent State Grounds Doctrine

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" Dunham v. Travis, 313 F.3d 724, 729 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "A habeas petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted." Id. (citing Schlup v. Delo, 513 U.S. 298, 321 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Although the Supreme Court "has repeatedly cautioned 'that the [independent and adequate state law ground] doctrine applies to bar consideration on federal habeas of federal claims that have been defaulted under state law,'" id. (quoting Lambrix v. Singletary, 520 U.S. 518, 523 (1997) (emphasis added by Second Circuit), the Second Circuit has observed that "it is not the case 'that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be [,]'" id. (quoting Lambrix, 520 U.S. at 525 (stating that bypassing procedural questions to reach the

merits of a habeas petition is justified in rare situations, "for example, if the [the underlying issue] are easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law")).

## B.   Merits of the Petition

### 1.   Fourth Amendment Claims

Petitioner claims that his convictions were unconstitutionally obtained because "the trial court erred in denying [his] motion for challenging the legality of the search warrant for items seized at 47 Lime Street. Pet. at 2. Specifically, petitioner contends that the issuing magistrate did not have probable cause to issue the search warrant of 47 Lime Street, and that the allegations underlying the warrant were stale. Pet'r Mem. 2-5. On direct appeal, the Fourth Department held that petitioner failed to preserve his "staleness" claim. <u>Martinez</u>, 39 A.D.3d at 1246. As to petitioner's argument that the magistrate lacked probable cause to issue the search warrant, the Fourth Department held:

> Assuming, arguendo, that defendant has standing to challenge the search of the house from which the evidence was seized, we reject his contention. Contrary to defendant's contention, the issuing magistrate did not rely solely upon the police officer's interpretation of telephone conversations that were equally subject to an innocent explanation. Rather, the police officer's application for the warrant also set forth that defendant had engaged in activities consistent with drug activity and had abandoned objects consistent with drug packaging, and that a trained drug-sniffing

> dog had "alerted" on those objects. Thus, the
> issuing magistrate properly concluded that
> evidence of illegal activity would likely be
> found at the time of the search.

Martinez, 39 A.D.3d at 1247 (citations omitted).

In general, state court defendants are barred from obtaining habeas relief based upon Fourth Amendment claims. "Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494, (1976) (footnotes omitted). The Second Circuit has noted that Stone requires only that "the state have provided the *opportunity* to the state prisoner for full and fair litigation of the Fourth Amendment claim." Gates v. Henderson, 568 F.2d 830, 839 (2d Cir. 1977) (en banc), cert. denied, 434 U.S. 1038 (1978) (emphasis added). A federal court may undertake habeas review only in one of two instances: (1) "if the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process . . . ." Id. at 840; accord Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

A petitioner receives a "full and fair opportunity" to litigate his Fourth Amendment claim where the state provides a "'statutory mechanism' for suppression of evidence tainted by an

unlawful search and seizure." McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir. 1983). New York clearly affords defendants the requisite corrective procedures. See N.Y. Crim. Proc. L. ("C.P.L.") § 710.10 et seq.; see also Capellan, 975 F.2d at 70 (noting that "federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10 et seq. (McKinney 1984 & Supp.1988) as being facially adequate"). It is not disputed that petitioner was provided with a full and fair opportunity to adjudicate these matters in state court.

The Second Circuit has held that habeas relief may be available on a Fourth Amendment claim "if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Cappellan, 975 F.3d at 70. Although the Second Circuit's decision in Gates "did not fully expand on precisely when an unconscionable breakdown has occurred, citations within Gates to Frank v. Mangum ... and to Paul M. Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners ... illustrate the sort of 'disruption or obstruction of a state proceeding' typifying an unconscionable breakdown." Capellan, 975 F.2d at 70 (quoting Shaw v. Scully, 654 F.Supp. 859, 864 (S.D.N.Y. 1987)). Habeas courts in this Circuit have held that an unconscionable breakdown may occur where no state court has made a reasoned inquiry into the

legal and factual bases for the Fourth Amendment claim. See Cruz v. Alexander, 477 F.Supp. 516 (D.C.N.Y. 1979). Other examples of an unconscionable breakdown include bribery of a judge, use of torture, and use of perjured testimony. Allah v. LeFevre, 623 F.Supp. 987, 991-92 (S.D.N.Y. 1985) (citing Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc)). The focus of the unconscionable breakdown inquiry lies in "'the existence and application of the corrective procedures themselves'" rather than on the "'outcome resulting from the application of adequate state court corrective procedures.'" Singh v. Miller, 104 Fed. Appx. at 772 (quoting Capellan, 975 F.2d at 71).

In his Reply Declaration, petitioner avers that an unconscionable breakdown occurred because the Appellate Division failed to conduct a reasoned inquiry into petitioner's Fourth Amendment claims when it did not address petitioner's factual arguments regarding the affidavit upon which the warrant was based.[2] Reply Decl. ¶¶ 14-15. However, the fact that the Appellate Division did not address certain aspects of petitioner's Fourth

---

[2] Petitioner relies on United States ex rel. Bostick v. Peters, 3 F.3d 1023 (7th Cir.1993), Bailey v. Duckworth, 699 F.2d 424 (7th Cir.1983), and Riley v. Gray, 674 F.2d 522 (6th Cir.), cert. denied, 459 U.S. 948, 103 S.Ct. 266 (1982), which stand for the proposition "'federal habeas relief is available when a criminal defendant is not allowed to fully present his fourth amendment claim in the state courts because of unanticipated and unforeseeable application of a procedural rule which prevents state court consideration of the merits of the claim.'" Bostick, 3 F.3d at 1027-28 (quoting Riley v. Gray, 674 F.2d at 527); accord, Bailey, 699 F.2d at 425. However, these cases are distinguishable from the instant case because petitioner is not complaining of an unanticipated and unforeseeable application of a procedural rule that frustrated the presentation of his Fourth Amendment claim to the state courts.

Amendment claim is not indicative of unconscionable breakdown. Indeed, the Second Circuit has held that even a summary denial of a defendant's Fourth Amendment claim does not warrant habeas review. "[T]he mere fact that the Appellate Division adhered to its original outcome does not mean that the Appellate Division failed to conduct "'a reasoned method of inquiry into relevant questions of fact and law.'" Capellan, 975 F.2d at 71 (quoting Shaw v. Scully, 654 F.Supp. at 864). As the court noted in Capellan, the Supreme Court has "pointedly instructed" the federal courts that they "have no power to tell state courts how they must write their opinions" and may "'not impose on state courts the responsibility for using particular language in every case in which a state prisoner presents a federal claim.'" Id. (quoting Coleman v. Thompson, 501 U .S. 722 (1991)). Thus, under the authority of Capellan v. Reilly, 975 F.2d at 71, the Appellate Division's failure to address petitioner's factual arguments does not indicate the state court failed to conduct an inquiry into the claim. It is therefore insufficient to establish that an "unconscionable breakdown" in the state court's corrective process occurred.

In sum, the record is clear that petitioner availed himself of the procedures set forth in New York's Criminal Procedure Law, and the state court conducted a reasoned inquiry into the relevant questions of fact and law. The petitioner moved for suppression prior to trial based upon alleged infirmities in the search warrant

application, to which the prosecution responded. Appx. C at 31-33;60-61. The court thereafter issued a decision denying petitioner's motion. <u>Id.</u> at 9. Moreover, he has not proved that the state appellate court failed to conduct a reasoned inquiry into his Fourth Amendment claims. A petitioner's disagreement with the outcome of the state courts' rulings "is not the equivalent of an unconscionable breakdown in the state's corrective process." <u>Capellan</u>, 975 F.2d at 72; <u>accord, e.g.</u>, <u>Watkins v. Perez</u>, No. 05 Civ. 477(GEL), 2007 WL 1344163, *23 (S.D.N.Y. May 30, 2007) (holding that without more, rejection by state appellate court of petitioner's Fourth Amendment claims, is not an "unconscionable breakdown" in the state's corrective process; noting that a "habeas court cannot grant relief simply because it may disagree with the state court's resolution of the claim"). Petitioner thus does not make any claim that would fall within the exception that would permit habeas review of his Fourth Amendment challenge, and this ground for relief does not support issuance of the writ.

## 2. Evidentiary Errors

Petitioner next claims that his convictions were unconstitutionally obtained because the trial court made evidentiary rulings that deprived him of his due process rights. Pet. at 2; Pet'r Mem. at 5-13. Specifically, petitioner claims that: (1) the trial court erred in permitting "expert" testimony interpreting telephone conversations between petitioner and other

individuals; and (2) the trial court erred in admitting telephone records, for which there was no proper foundation laid. Id. The Fourth Department declined to review petitioner's contention regarding the expert testimony because the issue was unpreserved for appellate review. Martinez, 39 A.D.3d at 1246. With respect to the telephone records the appellate court held that "[the] Supreme Court did not abuse its discretion in admitting in evidence the records of a telephone company establishing that certain telephone numbers were not issued by that company . . . . assuming, arguendo, that the court erred in admitting that evidence, we conclude that the error is harmless . . . ." Martinez, 39 A.D.3d at 1247 (citing People v. Crimmins, 36 N.Y.2d 230, 241-242 (1975)).

### a. Opinion Testimony

On direct appeal, petitioner's contention that the trial court erred in admitting opinion testimony was deemed unpreserved by the Fourth Department, which held that petitioner "failed to preserve for our review his contention[] . . . that the testimony of a police officer interpreting recorded telephone conversations between defendant and other individuals invaded the province of the jury. We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice." Martinez, 39 A.D.3d at 1246 (citing People v Carvajal, 14 AD3d 165, 173 (2004), aff'd, 6 N.Y.3d 305 (2005) (in turn citing People v. Robinson, 36 N.Y.2d 224 (1975) (explaining New York's "contemporaneous objection

rule", codified at C.P.L. § 470.05[3])).  It appears then, that the Appellate Division refused to reach the merits of petitioner's unpreserved claim by invoking New York's contemporaneous objection rule.

_____The Second Circuit has determined that C.P.L. § 470.05(2) is an independent and adequate state procedural ground. See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990); see also Garcia v. Lewis, 188 F.3d 71, 79-82 (2d Cir. 1999); accord, e.g., Mills v. Poole, No. 06-CV00842A, 2008 WL 2699394, *11 (W.D.N.Y. June 30, 2008) (analyzing § 470.05(2) in light of factors set forth in Cotto v. Herbert, 331 F.3d 217 (2d Cir. 2003)). The Appellate Division's reliance on the contemporaneous objection rule thus constitutes an independent and adequate state ground barring this Court's review of this claim.

Federal habeas review is only possible if petitioner "can show cause for the default and prejudice attributable thereto," or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478, 485, 495 (1986) (internal quotations omitted) (citation omitted); accord, e.g., Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990). Petitioner has not alleged cause or prejudice in his submissions to the Court, and I find neither present on the

---

[3] New York's "contemporaneous objection rule" requires that an objection to an error be made "at the time of such ruling or instruction or at any subsequent time when the court ha[s] an opportunity of effectively changing the same." C.P.L. § 470.05(2).

record before me. Furthermore, petitioner has not made a colorable showing of actual innocence so as to warrant invocation of the "miscarriage of justice" exception. See McCleskey v. Zant, 499 U.S. 467, 495 (1991). Consequently, petitioner cannot overcome the state procedural default and this claim of evidentiary error is barred from habeas review.

### b. Telephone Records

Petitioner's contention that the trial court erroneously admitted into evidence records of a telephone company was rejected on the merits by the Fourth Department. Martinez, 39 A.D.3d at 1247. Petitioner raised this claim on direct appeal but failed to do so in federal constitutional terms, thereby rendering the claim unexhausted for federal habeas purposes. Nonetheless, because petitioner no longer has a state court forum available to him to exhaust the claim, the Court deems the claim exhausted, but procedurally defaulted.

A petitioner for habeas corpus is limited by 28 U.S.C. § 2254 to raising claims implicating the Constitution or laws or treaties of the United States. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Here, Petitioner did not frame this claim in federal, constitutional terms but rather relied on state law to support his arguments on direct appeal. He has therefore failed to properly exhaust his due

process claim that the trial court erred when it admitted into evidence records from a telephone company regarding certain telephone numbers issued by other service providers.

To satisfy the exhaustion requirement, a habeas petitioner must have afforded the state courts a fair opportunity to consider his federal claim. Picard v. Connor, 404 U.S. 270(1971). In other words, he must present essentially the same factual allegations and legal doctrines to the state court and federal court. Daye, 696 F.2d at 191. The manner in which a state defendant may fairly present the constitutional nature of his claim includes reliance on pertinent federal cases employing constitutional analysis, reliance on state cases employing constitutional analysis in like fact situations, assertion of the claims in terms so particular as to call to mind a specific right protected by the Constitution, and an allegation of a pattern of facts that is well within the mainstream of constitutional litigation. Id. at 194.

Although petitioner has raised the same factual allegations here as he did on appeal, he did not apprise the state appellate courts of the federal constitutional nature of his claim. Rather, petitioner relied on New York's civil procedure statute[4], as well as pertinent New York case law dealing with the admissibility of business records. Thus, the argument advanced by petitioner was

---

[4] See N.Y. Civil Procedure Law and Rules 4518.

neither phrased in constitutional terms nor within the mainstream of constitutional litigation. See Daye, 696 F.2d at 193.

Furthermore, petitioner cannot now seek to exhaust his due process claim in state court, as he would face an absence of corrective process. Petitioner filed one direct appeal to the Appellate Division and was denied leave to appeal to the New York Court of Appeals; he may not file another direct appeal. See, e.g., N.Y. Court Rules § 500.20; see also Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir.2001). Petitioner may not seek collateral review of any claims that were previously addressed on direct appeal. See C.P.L. § 440.10(2)(a); Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994).

Because Petitioner no longer has a forum available in state court in which to raise his unexhausted claim, the Court deems the claim exhausted but procedurally barred. Petitioner makes no showing of the requisite cause and prejudice necessary to overcome the procedural default, nor has he demonstrated that this Court's failure to consider the claim would result in a miscarriage of justice. See Wainwright, 433 U.S. at 87-91. Accordingly, petitioner's claim must be denied.

### 3.   Sufficiency and Weight of the Evidence

Petitioner contends that "the jury's verdicts as to controlled substances and conspiracy were not supported by legally sufficient evidence and were against the weight of the evidence." Pet. at 2. The Appellate Division held that petitioner "failed to preserve for

our review his contention that the conviction is not supported by legally sufficient evidence and, contrary to defendant's further contention, the verdict is not against the weight of the evidence." Martinez, 39 A.D.3d at 1246 (citing People v. Hines, 97 N.Y.2d 56, 61,(2001); People v. Bleakley, 69 N.Y.2d 490, 495 (1987)).

The New York Court of Appeals has held that the contemporaneous objection rule, see C.P.L. § 470.05(2), requires that a motion to dismiss must alert the trial court to the specific deficiency alleged in order to preserve an insufficiency of the evidence claim for appeal. People v. Gray, 86 N.Y.2d 10, 19 (1995). Moreover, when a defendant presents evidence after the trial court has declined to grant a motion to dismiss under C.P.L. § 290.10(1) following the close of the prosecution's case, he waives his Section 290.10(1) claim. He may not present a legal insufficiency argument through a C.P.L. § 330.30 motion to set aside the verdict unless it has been properly preserved for review during the trial by renewing his motion to dismiss at the close of all the evidence. Hines, 97 N.Y.2d at 61-62; see also People v. Harris, 98 N.Y.2d 452, 492, 749 N.Y.S.2d 766, 779 N.E.2d 705 (2002). The record indicates that while petitioner moved for a trial order of dismissal at the close of the prosecutions's case, he did not renew his legal sufficiency challenge after presenting his own evidence. See Trial Tr. 585-593.

Here, the Appellate Division expressly refused to reach the merits of petitioner's unpreserved claim by invoking New York's contemporaneous objection rule, which is an adequate and independent state ground barring habeas review. See Mills, supra, 2008 WL 2699394 at *11 (finding petitioner's legal sufficiency claim procedurally barred under the adequate and independent state ground doctrine where petitioner failed to renew his motion to dismiss after he presented evidence).

As stated earlier, petitioner has not demonstrated cause for the procedural default and resulting prejudice, nor has he alleged that he is actually innocent. Accordingly, this claim must be dismissed as procedurally barred.

Petitioner also contends that the verdict was against the weight of the evidence. Pet. at 2. A claim that a verdict was against the weight of the evidence derives from C.P.L. § 470.15(5), which permits an appellate court in New York to reserve or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." C.P.L. § 470.15(5). Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. Bleakley, 69 N.Y.2d at 495. Since a weight of the evidence claim is purely a matter of state law, it is not cognizable on habeas review. See U.S.C.

§ 2254(a); <u>Estelle</u>, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Accordingly, petitioner's challenges to the weight and sufficiency of the evidence are dismissed.

### 4. Ineffective Assistance of Trial Counsel

Petitioner states, without elaboration, that his conviction was obtained "in violation of his right to the effective assistance of counsel during his trial." Pet. at 2, 16. He has not provided a legal or factual basis for this claim, nor has he raised this claim in any state forum. Even construing his *pro se* petition liberally, petitioner's ineffective assistance of counsel claim is simply too vague to set forth a basis for habeas relief. <u>See Skeete v. People of New York State</u>, No. 98 Civ. 5384 2003 WL 22709079, at *2 (E.D.N.Y. 2003) ("vague, conclusory and unsupported claims do not advance a viable claim for habeas corpus relief.") (citation omitted); <u>Brown v. People of State of New York</u>, No. 04-CV-1087 NG VVP, 2006 WL 3085704, at*7 (E.D.N.Y. 2006) ("Petitioner's allegation is no more than a vague and conclusory allegation. Petitioner fails to set forth any facts, description, or specific citation to the trial transcript with respect to these alleged errors. Even construing the petition liberally, the court is unable to decipher a factual or legal basis, other than those previously

asserted, for this claim."). Accordingly, this claim must be dismissed.

### 5. Cumulative Error

Petitioner concludes his petition with the contention that cumulative trial errors deprived petitioner of a fair trial. The Appellate Division summarily rejected this claim as being "without merit." <u>Martinez</u>, 39 A.D.3d at 1247. Although petitioner raised this claim in the state courts, the underlying claims forming petitioner's allegation of cumulative error are not reviewable by this Court because they are either not cognizable on habeas review, unexhausted and/or procedurally barred. Accordingly, this Court cannot reach the merits of petitioner's cumulative error claim. "'Meritless claims or claims that are not prejudicial [or claims that are procedurally barred] cannot be cumulated.'" <u>Hughes v. Dretke</u>, 412 F.3d 582, 597 (5th Cir. 2005)(quoting <u>Westley v. Johnson</u>, 83 F.3d 714, 726 (5th Cir. 1996))(alteration in original). This claim must therefore be dismissed.

## IV. Conclusion

For the reasons stated above, Johnny Martinez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. <u>See, e.g.</u>, <u>Lucidore v. New York State Div. of</u>

<u>Parole</u>, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

       **SO ORDERED.**

S/Michael A. Telesca

_____
                   MICHAEL A. TELESCA
            United States District Judge

Dated:     November 18, 2010
            Rochester, New York